1
 2025 CO 19 The People of the State of Colorado, Plaintiff-Appellant: v. Toby Joseph Chapman. Defendant-Appellee: No. 25SA114
Supreme Court of Colorado, En Banc
May 12, 2025
 
          
 Larimer County District Court Case No. 24CR1090 Honorable
 Regina Marie Walter, Senior Judge
 
 
          
 Attorneys for Plaintiff-Appellant:
 
 
           Gordon
 P. McLaughlin, District Attorney, Eighth Judicial District
 
 
           Meghan
 P. King, Deputy District Attorney
 
 
           Fort
 Collins, Colorado
 
 
          
 Attorneys for Defendant-Appellee:
 
 
          
 McCormick Law PLLC
 
 
           Matt
 McCormick
 
 
          
 Lakewood, Colorado
 
 
 2
 
           PER
 CURIAM.
 
 
          ¶1
 This appeal, which was filed by the Eighth Judicial District
 Attorney's Office ("District Attorney's
 Office") pursuant to sections 20-1-107(2) and
 16-12-102(2), C.R.S. (2024), challenges a decision by the
 district court disqualifying the entire District
 Attorney's Office from prosecuting the pending case below
 against Toby Joseph Chapman. We conclude that the court erred
 in granting Chapman's "Motion for Appointment of
 Special Prosecutor" pursuant to section 20-1-107(2),
 C.R.S. (2024), and therefore reverse the court's ruling.
 
 
          I.
 Facts and Procedural History
 
 
          ¶2
 Chapman is charged, among other things, with multiple counts
 of violating a protection order and stalking based on his
 alleged contacts and attempted contacts with a district court
 judge in the Eighth Judicial District. Chapman filed a motion
 for appointment of a special prosecutor, citing potential
 conflicts of interest involving a Chief Deputy District
 Attorney for the Eighth Judicial District, Brian Hardouin,
 and the judge. In support of his motion, Chapman highlighted
 Hardouin's frequent appearances before the judge, his
 leadership role in the District Attorney's Office, the
 fact that the Eighth Judicial District Court bench had
 recused itself from the case, and the proximity of the
 District Attorney's Office to the judge's chambers.
 The prosecution countered that none of the circumstances
 
 3
 
 that Chapman identified constitute the type of special
 circumstances that would warrant disqualification under
 section 20-1-107(2).
 
 
          ¶3
 At the hearing on the motion, Chapman additionally contended
 that there was an "appearance of impropriety"
 because future rulings in the judge's courtroom could be
 affected if Hardouin "garnered favor" with the
 judge by obtaining a favorable outcome in this case. Hardouin
 responded that "appearance of impropriety" is no
 longer in the disqualification statute and is not a reason to
 remove a district attorney's office from a case.
 
 
          ¶4
 The senior judge assigned to the case initially denied the
 motion, but two days later changed course, holding that
 "best practice dictates, and the law requires, an
 appointment of a special prosecutor when a judge is an
 alleged victim and the prosecutor, its superior[,] and its
 underlings appear in front of the judge."
 "[S]pecial circumstances exist," the court
 continued, "which render it unlikely that [Mr. Chapman]
 [would] receive a fair trial if the case is prosecuted
 by" the District Attorney's Office.
 
 
          II.
 Analysis
 
 
          ¶5
 We begin by setting out the relevant standard of review and
 then turn to the statute governing disqualification motions
 of the type at issue here.
 
 4
 
          A.
 Standard of Review
 
 
          ¶6
 District courts have broad discretion to determine whether to
 disqualify a district attorney's office from prosecuting
 a case. People v. Arellano, 2020 CO 84, ¶ 21,
 476 P.3d 364, 368; People v. Epps, 2017 CO 112,
 ¶ 14, 406 P.3d 860, 864. We review a district
 court's decision to disqualify a district attorney's
 office under an abuse of discretion standard. People v.
 Loper, 241 P.3d 543, 546 (Colo. 2010). Consequently, we
 will not disturb a court's decision on a motion to
 disqualify unless the court's decision was manifestly
 arbitrary, unreasonable, or unfair. People v.
 Kendrick, 2017 CO 82, ¶ 36, 396 P.3d 1124, 1130.
 "[A] misapplication of the law necessarily constitutes
 an abuse of discretion." Id.
 
 
          B.
 Disqualification Under Section 20-1-107(2)
 
 
          ¶7
 Disqualification of a district attorney from a case is
 governed by section 20-1-107(2), which provides that
 "[t]he motion [to disqualify] shall not be granted
 unless requested by the district attorney or unless the court
 finds that the district attorney has a personal or financial
 interest or special circumstances exist that would render it
 unlikely that the defendant would receive a fair trial."
 Id. "These are the exclusive bases for
 disqualifying a district attorney." People v.
 Solis, 2022 CO 53, ¶ 24, 523 P.3d 427, 432.
 
 
          ¶8
 The party moving to disqualify the district attorney based on
 "special circumstances" bears the burden of showing
 that, absent disqualification, they will
 
 5
 
 not receive a fair trial. Loper, 241 P.3d at 546.
 "Whether it is likely that a defendant will receive a
 fair trial is the most important factor governing a
 court's decision to disqualify a district attorney"
 under the special circumstances provision of the statute.
 Arellano, ¶ 24, 476 P.3d at 368. "To meet
 this burden, the moving party must point to 'actual facts
 and evidence in the record supporting the
 contention.'" People v. Kent, 2020 CO 85,
 ¶ 19, 476 P.3d 762, 766 (quoting Loper, 241
 P.3d at 546).
 
 
          ¶9
 On appeal, the District Attorney's Office argues that the
 district court erred as a matter of law in granting
 Chapman's motion. We agree.
 
 
          ¶10
 The district court based its decision on the routine
 performance of duties by Hardouin and the District
 Attorney's Office before the victim's court. The fact
 that Hardouin and other prosecutors in the District
 Attorney's Office appear in front of the judge who is the
 alleged victim does not constitute special circumstances of
 the type contemplated by section 20-1-107(2). More
 specifically, this working relationship does not rise to the
 level of the "extreme" special circumstances needed
 to trigger the disqualification statute. See
 Arellano, ¶ 25, 476 P.3d at 368 ("[T]he
 special circumstances must be 'extreme,' and a mere
 appearance of impropriety is insufficient." (quoting
 Loper, 241 P.3d at 546)).
 
 
          ¶11
 The proximity of the District Attorney's Office to the
 judge's chambers is also not a reason to grant the
 motion, nor is the number of investigators and staff from the
 District Attorney's Office on the prosecution's
 witness list. These
 
 6
 
 individuals, as the prosecution explains, are routinely
 disclosed as witnesses in cases and few are likely to be
 called to testify given that the Loveland Police Department,
 not the District Attorney's Office, investigated the
 charges in this case.
 
 
          ¶12
 Finally, because the rules governing judicial recusal are far
 broader than the "special circumstances"
 contemplated by section 20-1-107(2), the recusal of the
 Eighth Judicial District Court bench is also not a reason to
 grant the motion. For example, the Colorado Code of Judicial
 Conduct, C.J.C. 2.11(A), describes how a judge
 "shall disqualify himself or herself in
 any proceeding in which the judge's impartiality
 might reasonably be questioned." (Emphases
 added.) Section 16-6-201(1)(d), C.R.S. (2024), further
 dictates that a judge shall be disqualified to hear a case if
 they are "in any way interested or prejudiced with
 respect to the case, the parties, or counsel." Because
 "[t]he principle of impartiality, disinterestedness, and
 fairness on the part of the judge" is basic to our
 system of justice, even the appearance of bias or
 partiality can harm public confidence in the administration
 of justice and therefore requires judicial recusal.
 Johnson v. Dist. Ct., 674 P.2d 952, 956 (Colo. 1984)
 (quoting People v. Dist. Ct., 560 P.2d 828, 831
 (Colo. 1977)). Thus, while the recusal of the Eighth Judicial
 District Court bench was wholly appropriate here, it has no
 bearing on Chapman's claim with respect to the District
 Attorney's Office.
 
 7
 
          ¶13
 Considering Chapman's failure to present evidence of
 special circumstances that would justify disqualification, we
 conclude the district court erred in disqualifying the
 District Attorney's Office.
 
 
          III.
 Conclusion
 
 
          ¶14
 For these reasons, we reverse the district court's order
 disqualifying the District Attorney's Office.